UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| : | |
| **v.** : | CR. NO. 23-CR-286 (RBW) |
| : | |
| **SAEVE EVANS,** : | |
| : | |
| **Defendant.** : | |

## STATEMENT OF OFFENSE IN SUPPORT OF GUILTY PLEA

### I.   Summary of the Plea Agreement

Defendant Saeve Evans agrees to admit guilt and enter a plea of guilty to Count One of the Indictment charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1) and Count Four in the Indictment, charging him with Assault on a Police Officer While Armed, in violation of 22 D.C. Code §§ 405(c) and 4502.

### II.   Penalties

The penalties for Count One for Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, 922(g)(1), are:

(A)   a term of imprisonment not more than 15 years;

(B)   a fine not to exceed $250,000;

(C)   a term of supervised release of not more than three years; and

(D)   a special assessment of $100.

The penalties for Count Four for Assault on a Police Officer While Armed, in violation of 22 D.C. Code §§ 405(c) and 4502, are:

(A)   a term of imprisonment not more than 30 years – with a mandatory minimum

1

        sentence of 5 years;

    (B)    a fine not to exceed $75,000;

    (C)    a term of supervised release of not more than five years; and

    (D)    a payment to the Victims of Violent Crime Fund of $100.

**II.**     **Elements of the Offense**

To prove that the defendant is guilty of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, the government must prove the following beyond a reasonable doubt:

1. That the defendant possessed a firearm;
2. That he did so voluntarily and on purpose, and not by mistake or accident, with knowledge that the item he possessed was a firearm;
3. That the firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);
4. At the time the defendant possessed the firearm, he had been convicted of a crime punishable by imprisonment of term exceeding one year and had knowledge of that fact.

To prove that the defendant is guilty of Assault on a Police Officer While Armed, the government must prove the following beyond a reasonable doubt that:

1. The complainant was a Metropolitan Police Department Officer;
2. The defendant assaulted the complainant;
3. The defendant did so voluntarily, on purpose, and not by mistake or accident;
4. The defendant did so while the complainant was engaged in the performance of his official duties;

5. At the time the defendant did so, he knew or had reason to believe that the complainant was a Metropolitan Police Department officer;

6. The defendant committed a violent act that created a grave risk of causing significant bodily injury to the complainant; and

7. At the time of the offense, the defendant was armed with a firearm.

### III.   Proffer of Evidence

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established the following facts beyond a reasonable doubt.

On Tuesday, August 1, 2023 at approximately 5:25 a.m., Saeve Evans (hereinafter the "Defendant") was standing outside of 1711 Benning Road, Northeast, Washington, D.C. while walking a dog. When an unknown individual walked in front of the building. The Defendant pulled out a gun, pointed the gun towards the sky, and fired three times in the air. The unknown individual ran away.

At 5:28 a.m., Metropolitan Police Department (MPD) Officer E.D. with the Fifth District of MPD was dispatched to 1709 Benning Road, Northeast, Washington, D.C. in response to sounds of gunshots and as part of his official duties as a police officer for MPD. Officer E.D. was wearing a full police uniform and driving a marked MPD cruiser.

Officer E.D. arrived on scene in his MPD cruiser. Officer E.D. spotted an individual, later identified to be Saeve Evans, the Defendant on the walkway at the side of 1711 Benning Road, Northeast, which can be described as a three-story apartment building. The Defendant stated, "I

know what you are here for," and then something to the effect of "come and get it." The Defendant was holding a firearm. He aimed the firearm at Officer E.D. and fired the gun three times. The Defendant then moved up a ramp and towards the main entrance of 1711 Benning Road, Northeast. As the Defendant moved up the ramp and into the door, he pointed his gun at Officer E.D. and fired nine more bullets.

Officer E.D. returned fire before taking cover behind his police cruiser.

The Defendant retreated into 1711 Benning Road, Northeast. He climbed the stairs to the third-floor landing. While entering the building and climbing the stairs, the Defendant fired two more bullets at Officer E.D. through large windows.

There is a parking lot between where the Defendant stood while he shot at Officer E.D. and where Officer E.D. took cover. Two vehicles sustained damage from bullets. One of the vehicles that sustained damage from a bullet was directly in front of Officer E.D.

In total, the Defendant fired 14 bullets at Officer E.D. When the Defendant shot at Officer E.D., the Defendant knew that Officer E.D. was a law enforcement officer. The Defendant shot of Officer E.D. on purpose, and not by mistake or accident.

Additional MPD officers with the Fifth District responded to assist and entered 1711 Benning Road, Northeast. Officers located the Defendant on the third-floor landing of the apartment building. The Defendant was placed under arrest. Before being placed under arrest, the Defendant said, "Ain't no gun, I took it off me." Officers recovered the firearm the defendant had used to shoot at Officer E.D. on the same third floor landing. DNA evidence further linked the firearm to the Defendant.

The recovered firearm was a black Springfield XD 9x19 pistol with serial number XD226954. The firearm was equipped with a sixteen (16) round magazine. Both the firearm and

magazine had no ammunition in it when it was recovered. The firearm was stolen on March 9, 2023 from the state of Texas. There are no firearm or ammunition manufacturers in the District of Columbia and therefore, the firearm and ammunition in this case traveled in interstate commerce.

The Defendant was convicted on January 13, 2006 of Receiving Stolen Goods (Felony), and three counts of Assaulting a Police Officer With a Dangerous Weapon (Vehicle) in D.C. Superior Court criminal case number 2005 FEL 003797. The Defendant was sentenced to a period of time greater than one year of imprisonment. The Defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

Respectfully submitted,

Colin Cloherty
Assistant United States Attorney

**DEFENDANT'S ACCEPTANCE**

I have read this Statement of Offense and carefully reviewed every part of it with my attorney, Maria Jacob, Esq. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of Offense and all matters relating to it. I fully understand this Statement of Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this Statement of Offense. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: 1-20-24

Saeve Evans
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read this Proffer of Facts and carefully reviewed it with my client, Saeve Evans, and discussed it fully. I do not object to my client's agreement with and acceptance of this Proffer of Facts.

Maria Jacob, Esq.
Attorney for Saeve Evans